IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES ROBINSON,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL ZAKEN, et al.,<br><br>    Defendants. | Civil Action<br><br>No. 21-5621 |

**MEMORANDUM**

J. Younge                                                                                                                          June 7, 2024

**I.    INTRODUCTION**

      Currently before this Court is Petitioner Charles Robinson's Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 8.)[1] The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, said Petition is Granted and the Petitioner shall be afforded habeas relief.

**II.    FACTUAL BACKGROUND**

      Petitioner Charles Robinson was convicted of first-degree murder on July 7, 2015. (Stipulations of the Parties, ¶ 3, ECF No. 30.) He was sentenced to a mandatory term of life imprisonment without the possibility of parole on July 7, 2015. *See id*.; 18 Pa. C.S. § 1102(a)(1). The evidence at trial was summarized by the Superior Court as follows:

> On September 25, 2013, Robert Mack and Raheem Miller were sitting outside on the 5600 block of Beaumont Street in Philadelphia when [Petitioner] rode by on a

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

1

bicycle and shot three times at them. Both men started running away, but Raheem, who had been shot in the chest, fell gasping for breath and died shortly thereafter. The next day, Mack visited Raheem's parents and told them that [Petitioner] had shot Raheem from his bicycle after pushing a little boy named Tayshawn out of the way. Mack also told the victim's mother that he was going to go tell investigators what happened. Later that day, Mack met with homicide detectives and identified [Petitioner], whom he has known since elementary school, as the shooter, telling them that he had heard three gunshots and saw [Petitioner] with a silver gun in his hand riding past on a bicycle before he and Raheem started running away. Mack also provided the officers with a written statement.

Five days after the shooting, [Petitioner] called Philadelphia Police Officer Bryan Turner, the brother of one of [Petitioner's] close friends, and told him: "Man, I didn't have a beef with the boy. That's not who I came around there for, and that everybody was blaming me for something that I didn't mean to happen." Trial Ct. Op, dated 7/29/16, at 6. [Petitioner] agreed to tell his story to homicide detectives, and told Officer Turner he would contact him so they could go to the police station together. [Petitioner] never contacted Officer Turner, and disappeared. Officers from the Fugitive Task Force and the U.S. Marshals conducted an extensive search, and finally located him six months later in Philadelphia. The Commonwealth charged [Petitioner] with First–Degree Murder and firearms offenses.

At the preliminary hearing, Mack claimed he did not remember the shooting.

At [Petitioner's] jury trial, the Commonwealth presented testimony from Mack, Raheem's mother, Officer Turner, Rashon Miller (a friend of Raheem's who lived on Beaumont Street near the shooting), the medical examiner, and several law enforcement officers. Mack testified that he was currently in prison on unrelated charges. After reviewing his written statement given to detectives the day after the shooting, Mack claimed he was not present when the shooting took place and denied ever speaking with Raheem's parents. He also stated that he had lied at the preliminary hearing. On cross-examination, he testified that he had been high on drugs when Raheem was shot and had limited memory from that day. He also stated that he was under the influence of narcotics when police brought him in the day after the shooting and held him for 21 hours, handcuffed to a chair that was bolted to the floor, denied him food and medical treatment, and would not allow him to use the restroom at all. *See* N.T., 6/30/15, at 130–38. He also stated that he had made up the testimony identifying [Petitioner] because he was a rival drug dealer. *Id*. at 97, 121–22.

Raheem's mother, Roxanne Williams, testified about, *inter alia*, Mack's visit to her house the day after Raheem's death and her conversation with him about [Petitioner] having shot Raheem. *Id*. at 210–219.

Miller testified about, *inter alia*, speaking with Raheem and Mack on the steps the day of the shooting before walking down the street, turning the corner, and hearing

2

> gunshots. He testified that he ran back, saw Mack and Raheem running away, and saw Raheem collapse on the street. He testified that he called 911 using Raheem's telephone that was lying next to him on the ground. He also testified that he had never seen Mack selling drugs in the neighborhood. N.T., 7/1/15, at 7–21.
>
> Detective Kevin Judge from the Fugitive Squad testified to the efforts that he and the squad made in an effort to apprehend [Petitioner] after an arrest warrant was issued on October 3, 2013. N.T., 7/1/15, at 93–100. He stated that the squad found [Petitioner] on March 12, 2014, and arrested him without incident. *See id*. at 100. [Petitioner] presented character testimony from four people, including his mother and grandmother. *See id*. at 180–229.

*Com. v. Robinson*, 547 EDA 2016, 2017 WL 4675816, at *1-2 (Pa. Super. Ct. Oct. 17, 2017).

The conviction was affirmed on appeal. *Id*., at *3-10. The Petitioner additionally sought relief under the Post-Conviction Relief Act, 42 Pa. C.S. §§ 9541-46, and it was denied without a hearing. *Com. v. Robinson*, 1814 EDA 2019, 2020 WL 4251791, at *1-5 (Pa. Super. Ct. July 24, 2020).

The Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 2, 2021.[2] A counseled Amended Petition was filed on January 31, 2022. (ECF No. 8.) The Petitioner argued that the Petitioner's trial counsel was ineffective for failure to (1) competently advise on whether or not to accept the Commonwealth's plea offer; (2) timely object and preserve a challenge to hearsay testimony; and (3) raise a proper objection to allowing the jury to review the Petitioner's confession in the deliberation room in violation of his right to remain silent.[3] (Memorandum of Law in Support of Amended Petition, ECF No. 12.) On June

---

[2] As the Petitioner was a *pro se* inmate at the time, the petition is deemed filed on the date that it was given to prison officials for mailing. *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). The Petitioner stated, under penalty of perjury, that the petition was placed in the prison mailing system on December 2, 2021, which the Court accepts. *See* Petition, ECF No. 1, p. 16.

[3] The Petitioner withdrew claims that his trial counsel was ineffective for failing to object to or rectify prosecutorial misconduct and for failing to raise a constitutional objection to the state instruction that the jury can infer intent to kill from the use of a deadly weapon to a vital part of the body, as well as his argument that the prosecutor committed misconduct by vouching for the

1, 2023, an evidentiary hearing was held solely on Petitioner's claim that trial counsel had rendered ineffective assistance by failing to adequately consult with the Petitioner regarding a plea offer.  (Evidentiary Hearing Transcript, ECF No. 34.)  The matter has been fully briefed.  (*See* ECF Nos. 33, 38-39.)  Both parties agreed that counsel's performance was deficient but disagreed as to whether the Petitioner was prejudiced by such deficiency.  (*See id.*)

The matter was referred to United States Magistrate Judge Carol Sandra Moore Wells for a Report and Recommendation (hereinafter "R&R") pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 14.)  On October 23, 2023, Judge Moore Wells issued her R&R and made the following factual findings regarding the Petitioner's ineffective assistance of counsel claim:  (1) following the Petitioner's preliminary hearing and prior to trial, he had one brief phone call with his counsel; (2) during this phone call, his counsel relayed a plea offer of 25 to 50 years' imprisonment in exchange for pleading guilty to third-degree murder; (3) his counsel conveyed that he should accept the plea offer; (4) his counsel did not discuss the weight of the evidence in the case, the likelihood of a favorable verdict, or that he thought that it was a good offer; (5) the Petitioner said that he would not accept the plea but would if the offered sentence was shorter because he had heard of prisoners in other cases getting lighter sentences; (6) his counsel contacted the prosecutor to see if a better offer could be made and was told that there would not be a better offer; and (7) his counsel did not relay this to Petitioner and did not speak to him further until the start of trial, where the Commonwealth presented a strong case.  (R&R, ECF No. 40, pp. 8-9.)  Judge Moore Wells found that the Petitioner had been prejudiced by the ineffective assistance of trial counsel and recommended that the Petitioner be afforded habeas relief via the

---

credibility of the witnesses and the integrity of the case.  (*See* ECF No. 8, pp. 3-4; ECF No. 12, p. 86.)

reoffer of the plea.  (R&R, p. 12.)  The Commonwealth filed a Notice of Non-Objection on November 7, 2023.  (ECF No. 41.)

**III.   DISCUSSION**

Habeas review is limited and may only be granted if the state court's adjudication of the claim "resulted in a decision contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. § 2254(d)(1)-(2).  Factual determinations by the state court are rebuttable only by clear and convincing evidence.  *Werts v. Vaughn*, 228 F.3d 178, 196 (3d Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).  The "contrary to" clause requires that the decision reached by the state court is "opposite to that reached by [the Supreme] Court on a question of law or [that] the state court decide[d] a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (200).  The "unreasonable application" clause requires that there was an "incorrect or erroneous application of clearly established federal law [that] was also unreasonable."  *Werts*, 228 F.3d at 196 (citing *Williams*, 529 U.S. at 411).[4]

Ineffective assistance of counsel claims are governed by the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  The petitioner must show that (1) counsel's performance was so deficient that counsel was not functioning as guaranteed by the Sixth Amendment and (2) counsel's deficient performance so prejudiced the defense that there is a

---

[4] While the Petitioner's ineffective assistance of counsel claim is procedurally defaulted, the Commonwealth concedes that PCRA counsel rendered ineffective assistance by failing to raise a substantial defaulted claim and that consideration on the merits is warranted.  *See* Commonwealth's Response, ECF No. 38, pp. 9-11; *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 942 (3d Cir. 2019) (finding that PCRA counsel is deficient where they "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker").  This Court agrees and will consider the present claim on its merits.

reasonable probability that the result of the proceeding would have been different if not for the deficiency. *Id.* at 687, 694; *Smith v. Robbins*, 528 U.S. 259, 284 (2000). There is an objective standard of reasonableness applied in determining deficiency. *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994). Reasonable strategic decisions do not constitute deficiency. *U.S. v. Williams*, 70 F. App'x 632, 634 (3d Cir. 2003). Additionally, failure to pursue a meritless argument does not make counsel ineffective. *Real v. Shannon*, 600 F.3d 302, 309 (3d Cir. 2010). Here, the Commonwealth concedes that the Petitioner was afforded ineffective assistance of counsel but had argued that the Petitioner could not show that he was prejudiced by this ineffective assistance.

Where an ineffective assistance of counsel claim involves an unaccepted guilty plea offer, the Petitioner must demonstrate that, but for that ineffective assistance, "there is a reasonable probability that the plea offer would have been presented to the court . . . , that the court would have accepted its terms, and the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012). It is undisputed that the Commonwealth would have honored the plea offer and that the offer of imprisonment for 25 to 50 years is less severe than lifetime imprisonment.

Here, the Petitioner was willing to plead guilty but believed, based on faulty reasoning that his counsel did nothing to dispel, that a lower sentence was attainable. That his counsel never told the Petitioner that this was the best offer he would receive, that the prosecution's case was particularly strong and likely to result in a conviction, that other inmates receiving more favorable plea terms is irrelevant to his case and based on facts specific to their own cases, and that he believed that this was a good offer raises significant doubt as to whether the Petitioner

made an informed decision to reject the plea offer. The lack of any consultation regarding the relative strength of the Commonwealth's case and the likelihood of conviction renders this performance particularly deficient. Additionally, the significance of the sentencing disparity between the offer and the sentence imposed weighs towards a finding that the Petitioner was prejudiced by the deficient performance, particularly because the Petitioner had expressed a willingness to plead guilty. *See* R&R, ECF No. 40, p. 11 (compiling persuasive authority that found prejudice where there is a significant disparity between the offer and the sentence imposed). After assessing these facts, the Court agrees with Judge Moore Wells' conclusion that the Petitioner has demonstrated a reasonable probability that he would have accepted the plea offer had he been given adequate advice. The appropriate relief is that the Commonwealth present the original plea offer and allow the Petitioner the opportunity to accept it. *Lafler*, 566 U.S. at 174.

IV.     **CONCLUSION**

For the foregoing reasons, the Petition for Habeas Relief pursuant to 28 U.S.C. § 2254 is Granted.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**